

04-CV-02052-CMP

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

UNITED WOOD PRODUCTS
COMPANY, An Oregon Corporation,

        Plaintiff,

    v.

TRI-STATE CONSTRUCTION, INC., a
Washington Corporation, and THE
CITY OF EVERETT, WASHINGTON a
Municipal Corporation,

        Defendants.

# CV04-2052

)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO.

COMPLAINT FOR DAMAGES

**(Negligence, Trespass,
Nuisance)**

and DEMAND FOR JURY
TRIAL.

Plaintiff United Wood Products Company alleges:

### JURISDICTION

1.    Plaintiff is a corporation incorporated under the laws of the State of Oregon
and having its principal place of business (corporate headquarters) in the State of Oregon.

2.    Defendant Tri-State Construction, Inc. ("Tri-State") is a corporation
incorporated under the laws of the State of Washington.

COMPLAINT FOR DAMAGES - Page 1 of 7

RICCI GRUBE AITA, PLLC
1000 BROADACRES BUILDING
1601 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 770-7606 · FAX (206) 770-7607

ORIGINAL

3.     Defendant City of Everett, Washington ("Everett") is a municipal corporation incorporated under the laws of the State of Washington.

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.     Venue is proper in this court pursuant to 28 U.S.C. § 1391, as the events and conduct complained of occurred in this district, and all defendants reside in this district.

### FIRST CLAIM FOR RELIEF

#### (Negligence)

6.     At all material times, plaintiff leased land and purchased a wood debris ("hog fuel") processing site operation located at 4000 Railway Avenue, in Everett, Washington, formerly known as Kimberly-Clark Riverside Operations.

7.     Additionally, at all material times, plaintiff was obligated by contract to process and deliver to Kimberly-Clark between 15,000 to 20,000 tons of hog fuel daily.

8.     On or about March 14, 2003, defendant Everett entered into a contract with defendant Tri-State to construct an effluent pipeline and transfer pumping station, for the purpose of pumping drainage water to Kimberly-Clark for industrial use in Everett, Washington. The contract required defendant Tri-State to do the following:

      a.   Repair and replace all property of others damaged by its employees, subcontractors, suppliers and agents;

      b.   All business driveways to remain open except as necessary for short periods of time;

      c.   At all times conduct work to prevent obstruction and inconvenience of vehicular traffic;

      d.   Give a minimum of 14 days advance notice to plaintiff of work in the area of Kimberly-Clark Riverside Operations Facility Access Road, provide

COMPLAINT FOR DAMAGES - Page 2 of 7

RICCI GRUBE AITA, PLLC
1080 BROADACRES BUILDING
1601 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

1  signals and flaggers as required to redirect vehicular traffic to alternate

2  access points;

3  e.  To only close the road for brief periods as required for the work and

4  approved by defendant Everett and Kimberly-Clark;

5  f.  Only close one lane on Everett Avenue for up to two weeks, provided two

6  lanes are available for traffic;

7  9.  From approximately November 1, 2003, to approximately January 31, 2004,

8  defendant Tri-State was engaged in construction activity in the area of plaintiff's land and

9  hog fuel processing site, and closed the Kimberly-Clark Riverside Operations Facility

10  Access Road, and Everett Avenue, at times simultaneously, making vehicular traffic

inaccessible to plaintiff's land and hog fuel processing site.

11  10.  Defendant Tri-State's construction activities broke existing water drainage

12  pipes on plaintiff's land, flooding plaintiff's land and hog fuel processing site with water and

13  mud, including flooding plaintiff's weigh scale, and damaging plaintiff's plumbing at its weigh

14  scale and on-site office building.

15  11.  Defendant Tri-State's construction activities caused destruction, degradation

16  and overuse of plaintiff's private roads, and limited road access to plaintiff's neighbors'

17  property, making neighbors only access to their property over plaintiff's private roads and

18  property.

19  12.  Defendant Tri-State's construction activities caused excessive vehicular traffic

20  over plaintiff's rail spur, causing it to sink and prevented rail deliveries of rail ties used to

21  make creosote grindings that are sold as hog fuel.

22  13.  Plaintiff's suppliers of raw materials to make hog fuel were delayed in making

23  deliveries because defendants caused damage to plaintiff's private roads which caused

24  plaintiff and suppliers to experience equipment and vehicular damages.

25

COMPLAINT FOR DAMAGES - Page 3 of 7

14.     Plaintiff incurred extraordinary equipment and vehicular damages, incurs extraordinary repair expenses to its weigh scale, to refortify its private roads and rail spurs, and incurs extraordinary expenses delivering substitute hog fuel and alternative fuels as required by contract.

15.     Tri-State, through its subcontractors, employees and agents, drove street paving equipment across plaintiff's weigh scale causing damage to the weigh scale, and plaintiff's suppliers were delayed in making deliveries due to damaged weigh scale.

16.     Tri-State and Everett failed to use due care in designing, implementing and constructing an effluent pipeline in and around plaintiff's land and hog fuel processing site, causing direct and circumstantial economic damages.

17.     As a proximate result of defendants' negligence, plaintiff suffered property damages, vehicular and equipment damages, extraordinary expenses in recalibrating and cleaning plaintiff's weigh scale, repairing and maintaining plaintiff's private roads, repairing the rail spur, cost of equipment downtime, loss of inventory, increased labor costs to repair roads, vehicles and equipment, costs of substitute hog fuel and alternative fuel, costs of substitute transportation, and loss of profits. Plaintiff will incur future damages for repair of land, equipment and the on-site office building.

## SECOND CLAIM FOR RELIEF

### (Trespass)

18.     Paragraphs 1 – 17 are incorporated herein by reference.

19.     Tri-State knew, or had substantial reason to know, that the area around plaintiff's weigh scale and rail spur (which are on the opposite side of a cyclone fence adjacent to Kimberly-Clark Riverside Operations Facility Access Road) were private property.

COMPLAINT FOR DAMAGES - Page 4 of 7

RICCI GRUBE AITA, PLLC
1080 BROADACRES BUILDING
1601 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

20.     Tri-State allowed its subcontractors, agents and employees to place its equipment (including its street paving equipment), trucks and cars onto plaintiff's private property without plaintiff's consent or prior knowledge.

21.     As a proximate result of defendant4 Tri-State's trespassing, plaintiff suffered property damages, vehicular and equipment damages, extraordinary expenses in recalibrating and cleaning plaintiff's weigh scale, repairing and maintaining plaintiff's private roads, repairing the rail spur, cost of equipment downtime, loss of inventory, increased labor costs to repair roads, vehicles and equipment, costs of substitute hog fuel and alternative fuel, costs of substitute transportation, and loss of profits.  Plaintiff will incur future damages for repair of land, equipment and the on-site office building.

### THIRD CLAIM FOR RELIEF

#### (Nuisance)

22.     Paragraphs 1 – 21 are incorporated herein by reference.

23.     Tri-State activities upon and around plaintiff's land and hog fuel processing site, created a condition tending to both cause damage to plaintiff's property and created a danger of future damage.  In light of the condition thereby created, defendant Tri-State's improper use of plaintiff's property cannot be considered lawful or reasonable, but rather constitutes a nuisance.

24.     As a proximate result of defendant Tri-State's nuisance, plaintiff suffered property damages, vehicular and equipment damages, extraordinary expenses in recalibrating and cleaning plaintiff's weigh scale, repairing and maintaining plaintiff's private roads, repairing the rail spur, cost of equipment downtime, loss of inventory, increased labor costs to repair roads, vehicles and equipment, costs of substitute hog fuel and alternative fuel, costs of substitute transportation, and loss of profits.  Plaintiff will incur future damages for repair of land, equipment and the on-site office building.

RICCI GRUBE AITA, PLLC
1080 BROADACRES BUILDING
1601 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

25.     Plaintiff reincorporates the allegations set forth in paragraphs 1 through 24 above.

26.     The contract between Tri-State and the City of Everett was entered into for the benefit of third parties, including plaintiff and its neighbors. Tri-State breached the contract, including but not limited to the following:

    a.   Failing to repair and replace all property of plaintiff damaged by its employees, subcontractors, suppliers and agents;

    b.   Failing to keep all business driveways open except as necessary for short periods of time;

    c.   Failing at all times to conduct work to prevent obstruction and inconvenience to vehicular traffic;

    d.   Failing to give a minimum of 14 days advance notice to plaintiff of work in the area of Kimberly-Clark Riverside Operations Facility Access Road and failing to provide signals and flaggers as required to redirect vehicular traffic to alternate and legal access points;

    e.   Failing to close the road for brief periods as required for the work and approved by defendant Everett and Kimberly-Clark;

    f.   Closing more than one lane on Everett Avenue for more than two weeks and failing to provide that two lanes were available for traffic.

27.     Plaintiff has been damaged by Tri-States actions in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - Page 6 of 7

RICCI GRUBE AITA, PLLC
1080 BROADACRES BUILDING
1801 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7907

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this court:

   a. Award economic damages for property damages, vehicular and equipment damages, to compensate for extraordinary expenses incurred in recalibrating and cleaning plaintiff's weigh scale, to compensate for repairs and maintenance to private roads, to compensate for repairs to the rail spur, to compensate for equipment downtime, loss of inventory, to compensate for increased labor costs to repair and maintain roads, vehicles and equipment, to compensate for costs of substitute hog fuel and alternative fuel, costs of substitute transportation, and lost profits in an amount awarded by this Court or jury.

   b. Award economic damages for future repair of the land, equipment, weigh station, and on-site office building in an amount awarded by this Court or jury.

   c. Award such other costs incurred in this action.

   d. Award such other and further relief as this Court  may deem appropriate

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED this 29th day of September, 2004.

RICCI GRUBE AITA, PLLC

Joseph A. Grube, WSBA No. 26476
1601 2nd Avenue
Suite 1080
Seattle WA
Attorneys for Plaintiff

WALKER, WARREN & WATKINS
Ernest Warren, Jr., WSBA No. 18649
838 SW First Avenue, Suite 500
Portland, Oregon  97204

COMPLAINT FOR DAMAGES - Page 7 of 7

RICCI GRUBE AITA, PLLC
1080 BROADACRES BUILDING
1601 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607