UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED WOOD PRODUCTS COMPANY,<br><br>                  Plaintiff,<br><br>v.<br><br>TRI-STATE CONSTRUCTION, INC., a<br>Washington Corporation,<br><br>                  Defendant. | No. C04-2052Z<br><br>ORDER |

This matter comes before the Court on Defendant Tri-State Construction, Inc.'s ("Tri-State") motion for dismissal pursuant to Fed. R. Civ. P. 37 and, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56 and 28 U.S.C. § 1332, docket no. 45. Having considered the briefs in support of and in opposition to the motion, and the balance of the record, the Court GRANTS IN PART and DENIES IN PART the motion and enters the following Order.

**BACKGROUND**

The Court incorporates by reference the background section from its Order of May 9, 2005, docket no. 30. Since the entry of that Order, two key events have taken place that will be discussed in more detail below: 1) on July 11, 2005, Tri-State took the deposition of James Winters, President of United Wood Products Company ("United Wood"); and 2)

ORDER 1−

United Wood has not paid Tri-State for the costs and reasonable attorney's fees associated with the deposition of James Winters pursuant to the Court's Order of May 9, 2005.

## DISCUSSION

### A. Tri-State's Motion for Summary Judgment Re: Lack of Subject Matter Jurisdiction

First, the Court addresses Defendant Tri-State's motion for summary judgment pursuant to Fed. R. Civ. P. 56 and 28 U.S.C. § 1332.  Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between diverse citizens.  28 U.S.C. § 1332.  Diversity of citizenship alone does not confer jurisdiction in the absence of the required amount in controversy.  See N.Y. Cent. R.R. Co. v. Mut. Orange Distribs., 251 F. 230, 231-232 (9th Cir. 1918).

Tri-State argues that United Wood has failed to meet the amount in controversy requirement of diversity jurisdiction.  To determine whether a plaintiff has satisfied the amount in controversy requirement:

> [T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).  United Wood's Amended Complaint alleges "the amount in controversy exceeds $75,000" and outlines various categories of damages.  See, e.g., Am. Compl., docket no. 18, ¶¶ 4, 18, 22, 25.  Since the filing of the Amended Complaint, United Wood has specifically asserted $625,646.11 in damages.  Nedderman Decl., docket no. 46, Ex. G (J. Winters Aff.) at 1-2.  There is nothing on the face of United Wood's Amended Complaint, nor in the record before the Court, to

ORDER  2–

suggest that United Wood's claims are not asserted in good faith.  See Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 664 (9th Cir. 2005).  Even if United Wood ultimately recovers less than $75,000, this will not demonstrate its bad faith or oust the jurisdiction of the Court.  See St. Paul Mercury Indem. Co., 303 U.S. at 289 ("The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction."); Riggins v. Riggins, 415 F.2d 1259, 1262 (9th Cir. 1969) (The possibility of a valid defense "does not affect the jurisdiction of the district court to hear and determine the controversy.").  There is an important distinction to be made here: "It is the amount in controversy which determines jurisdiction, not the amount of the award."  Theis Research, Inc., 400 F.3d at 664 (quoting Am. Guaranty Co. v. Caldwell, 72 F.2d 209, 211 (9th Cir. 1934)).

The Court's analysis could stop here because jurisdiction is either established or not at the time the action is commenced.  "[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."  Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (addition of non-diverse plaintiff after the commencement of the action does not destroy diversity jurisdiction); see also Lewis v. Lewis, 358 F.2d 495, 502 (9th Cir. 1966) (plaintiff's change of citizenship to defendant's state after commencement of the action does not destroy diversity jurisdiction).  Tri-State's motion for summary judgment asks the Court to go beyond the pleadings and examine selected pieces of evidence to determine whether there is diversity jurisdiction.

Even if the Court accepts Tri-State's invitation to go beyond the pleadings, summary judgment is inappropriate.  Tri-State argues that pursuant to the Court's Order of May 9, 2005, docket no. 30, United Wood will be limited at trial to recover only damages directly caused by Tri-State; that James Winters, President of United Wood, testified that Tri-State physically damaged only three items, see Nedderman Decl., docket no. 46, Ex. F (J. Winters

ORDER 3–

Dep.) at 73:6-14; and that the damages that flow from these three items amount to less than $10,000.00. Def.'s Mot., docket no. 45, at 22, 24. While it is true that the Court's Order of May 9, 2005 concluded that the Court will apply the economic loss rule to any damages recoverable under the negligence claim, the Court found that there are genuine issues of material fact as to what damages should be excluded under the economic loss rule and deferred its application of the rule until trial. Order, docket no. 30, at 13. The deposition of James Winters, docket no. 46, Ex. F, does not alter the Court's finding of genuine issues of material fact. Furthermore, in the Court's Order of May 9, 2005, the Court did not discuss the measure of damages under United Wood's trespass and nuisance claims. Order, docket no. 30, at 13-14. Thus, at this juncture, genuine issues of material fact regarding damages preclude summary judgment.

In conclusion, from the face of the pleadings, there is no legal certainty that United Wood cannot recover over $75,000.00. Even if the Court goes beyond the pleadings and examines the evidence submitted on summary judgment, namely the deposition of James Winters, summary judgment is inappropriate because there are genuine issues of material fact regarding the amount of damages that United Wood will be able to recover under its four claims.

**B.     Tri-State's Motion for Dismissal Pursuant to Fed. R. Civ. P. 37**

Next, the Court addresses Tri-State's motion for dismissal pursuant to Fed. R. Civ. P. 37. Fed. R. Civ. P. 30(b)(6) requires a corporation named in a notice of deposition to "designate one or more . . . persons . . . to testify on its behalf . . . as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). In this case, the notice of deposition was served pursuant to Wash. Civ. R. 30(b)(6), the state rule that is nearly identical to its federal counterpart, Fed. R. Civ. P. 30(b)(6). Nedderman Decl., docket no. 23, Ex. B. A party who receives a notice under Wash. Civ. R. 30(b)(6) "has a duty to prepare its deposition designees so they can give full, complete, and non-evasive answers."

ORDER  4–

Casper v. Esteb Enters., 119 Wn. App. 759, 767 (2004) (citing Mitsui & Co. v. P.R. Water Res. Auth., 93 F.R.D. 62, 67 (D.P.R. 1981)).  The deposition designee "must then testify as to matters known or reasonably available to the corporation."  Id.

In the Court's Order of May 9, 2005, the Court concluded that United Wood had produced an unprepared Rule 30(b)(6) witness because the witness, Darrell Winters, "was unable to testify as to all matters included in the deposition notice."  Order, docket no. 30, at 14.  The Court then ordered United Wood "to produce a witness within sixty days who will be prepared to testify as to all damage amounts claimed."  Id.  The Court further ordered United Wood "to pay costs and Defendant's reasonable attorney's fees for the deposition time necessary to take the supplemental deposition."  Id.

The supplemental deposition was taken on July 11, 2005, at which time United Wood produced James Winters ("James"), the President of United Wood and brother of Darrell Winters, the original 30(b)(6) deponent.  Nedderman Decl., docket no. 46, Ex. F (J. Winters Dep.).  In James Winters' Affidavit, which was originally filed with the Court on February 22, 2005 in connection with United Wood's opposition to Tri-State's first motion for summary judgment, docket no. 24, James stated, "I did the damage calculations for the Tort Claim Notice in this case . . . ."  Nedderman Decl., docket no. 46, Ex. G (J. Winters Aff.) at 1. However, James repeatedly stated during his deposition that the damage calculations were actually done by his brother Darrell "Tony" Winters or United Wood's controller, Kimberly Santana, who is no longer with the company and for whom United Wood claims to have no contact information.  Nedderman Decl., docket no. 46, Ex. F (J. Winters Dep.) at 67:2-5, 93:1-19, 126:1-15, 140:1-20.  James also claimed not to have answers to several questions, stating that the answers would be found on an Excel spreadsheet used to determine United Wood's damages.  Id. at 58:20-24, 64:10-12, 65:9-14.  The spreadsheet was not produced at the deposition, but United Wood's attorney promised to deliver the spreadsheet the next day.  Id. at 83:24-25, 84:1-5.  Since then, United Wood's attorney has admitted that no such

ORDER  5–

spreadsheet exists. Nedderman Decl., docket no. 46, Ex. H. Additionally, James only reviewed the deposition of his brother, Darrell Winters, and the notice of deposition in preparation for his own deposition. Pl.'s Resp., docket no. 48, Ex. 9 (J. Winters Dep.) at 8:4-9, 15-25. James did not review Tri-State's motion for summary judgment or other documents. Id. at 8:10-14.

After the supplemental deposition of James Winters took place, Tri-State submitted its bill for $1,420.38 in costs and $7,800.00 in fees to United Wood pursuant to the Court's Order of May 9, 2005. Nedderman Decl., docket no. 46, Ex. I. The fees include two attorneys each attending the supplemental deposition for 5.5 hours, one attorney spending 10.65 hours in preparation, and the other attorney spending 4.5 hours in preparation. Id. The Court's calculation shows that one attorney billed at $396.28 per hour and the other attorney billed at $140.00 per hour. United Wood contested the reasonableness of Tri-State's costs and fees and has refused to pay them. Id., Ex. J.

Tri-State now argues that the Court should dismiss United Wood's Complaint pursuant to Fed. R. Civ. P. 37. First, Tri-State argues that dismissal is appropriate because James Winters, like his brother Darrell Winters, was unprepared to respond to the areas of inquiry set forth in the deposition notice. Second, Tri-State argues that dismissal is appropriate because United Wood has refused to pay Tri-State's costs and attorney's fees associated with the supplemental deposition, and is in contempt of the Court's Order of May 9, 2005.

If a party fails to obey an order to provide discovery, a court "may make such orders in regard to the failure as are just" including "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence," or "[a]n order striking out pleadings . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(B)-(C). Moreover, federal courts

ORDER  6–

have inherent power to impose sanctions against both attorneys and parties for bad faith conduct in litigation or for willful disobedience of a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–66 (1980). In deciding whether a sanction of dismissal or default is appropriate, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) a court's need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997). Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. Id.

Despite James Winters' evasive answers, including his references to a non-existent spreadsheet, and United Wood's failure to adequately prepare him to testify as to all damage amounts claimed, the Court does not believe that the harsh sanction of dismissal is warranted in this case. The public policy favoring the disposition of cases on their merits and the prejudice to United Wood outweigh the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. Furthermore, less drastic sanctions are available.

The Court reaffirms its imposition of sanctions in the Order of May 9, 2005, and ORDERS United Wood to pay Tri-State's costs in the amount of $1,420.38 and Tri-State's "reasonable attorney's fees for the deposition time necessary to take the supplemental deposition," which the Court calculates to be $2,970.00 (i.e., one attorney at $400.00 per hour and another attorney at $140.00 per hour for 5.5 hours), for a total amount of $4390.38. The Court FURTHER ORDERS that United Wood will be precluded from calling any other witnesses to testify about damages in this case. The Court FURTHER ORDERS that United Wood's Amended Complaint will be dismissed with prejudice if United Wood fails to pay Tri-State the total amount of sanctions ($4,390.38) within twenty days of the entry of this Order.

ORDER  7–

**CONCLUSION**

(1) The Court DENIES Tri-State's motion for summary judgment pursuant to Fed. R. Civ. P. 56 and 28 U.S.C. § 1332, docket no. 45.

(2) The Court GRANTS IN PART and DENIES IN PART Tri-State's alternative motion for sanctions pursuant to Fed. R. Civ. P. 37, docket no. 45. The motion for sanctions is denied as to the request for dismissal. The motion is granted in so far as the Court has imposed less drastic sanctions, outlined above, in lieu of dismissal.

IT IS SO ORDERED.

DATED this 16th day of February, 2006.

*[signature]*

Thomas S. Zilly
United States District Judge

ORDER  8–